IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROSIE MUSHATT, INDIVIDUALLY,
AND ON BEHALF OF ALL HEIRS-AT-LAW
AND WRONGFUL DEATH BENEFICIARIES
OF MARIO WHITLEY, DECEASED AND THE
ESTATE OF MARIO WHITLEY                                        **PLAINTIFFS**

```
SOUTHERN DISTRICT OF MISSISSIPPI
       FILED
    JUN 27 2025
   ARTHUR JOHNSTON
BY            DEPUTY
```

v.                                        Civil Action No.: 1:25cv202 LG-RPM

CITY OF PASCAGOULA, MISSISSIPPI,
CHIEF TERRY SCOTT, IN HIS OFFICIAL
CAPACITY, and OFFICER JOHN DOES 1-5,
IN HIS/HER INDIVIDUAL AND OFFICIAL
CAPACITY                                                      **DEFENDANTS**

---

**COMPLAINT**
(Jury Trial Demanded)

---

COME NOW, Plaintiffs Rosie Mushatt, Individually and on behalf of all Heirs-at-Law and Wrongful Death Beneficiaries of Mario Whitley and The Estate of Mario Whitley, Deceased ("Decedent"), acting by and through her undersigned counsel, and files this their *Complaint* against City of Pascagoula, Mississippi, Chief Terry Scott, in his official capacity, and Officer John Doe, in his/her individual and official capacity ("Defendants") for the wrongful death of Mario Whitley, to recover actual and punitive damages for the Defendants' violations of the decedent's Fourth (4th) Amendment right to be free from unreasonable seizure of his person, Fourteenth (14th) Amendment right to substantive due process without intentional exposure to known danger, both claims made actionable pursuant to 42 U.S.C. §1983 and also the common law right to be free from actions of city law enforcement evincing reckless disregard for the decedent made actionable pursuant to the

Mississippi Tort Claims Act ("MTCA"), the Mississippi Vulnerable Adults Act ("MVAA") and Mississippi common law and would show unto the Honorable Court the following, to wit:

## JURISDICTION and VENUE

1. This actions is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983 and includes any and all state law claims plead herein below for which jurisdiction and venue attached thereto, specifically, but not limited to Title 43, Chapter 47 of the Mississippi Code, known as the Mississippi Vulnerable Adults Act, Title 11, Chapter 46, known as the Mississippi Tort Claims Act and the Mississippi Wrongful Death Act, Section 11-7-13 on the Mississippi Code of 1972, as amended.

2. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## PARTIES

3. Plaintiff Rosie Mushatt (hereinafter "Plaintiff Rosie") is an adult resident citizen of Jackson County, Mississippi, and resides at 1007 Dupont Avenue, Pascagoula, Mississippi 39567. The Petitioner will bring suit on behalf of the wrongful death beneficiaries of Mario Whitley ("Decedent"), for the negligent actions that caused his death. As a result, Rosie Mushatt, mother of Mario Whitley, shall file with the Chancery Court of Jackson County, Mississippi, her Petition to Open Estate and Appoint Administratrix and For Grant of Letter of Administration. The Estate of Mario Clark by and through Rosie Mushatt, Administratrix of the Estate, is also a Plaintiff.

4. Defendant City of Pascagoula, Mississippi (hereinafter "City,") is a political subdivision and a Municipality of the State of Mississippi that may be served with process by and through Karen Kennedy, at 603 Watts Avenue, Pascagoula, MS 39567.

5. Defendant Chief Terry Scott (hereinafter "Chief Scott") is an adult resident citizen of the State of Mississippi, and may be served with process at the City of Pascagoula Police Department (611 Live Oak Ave, Pascagoula, MS 39567) where he works as Chief of Police in Pascagoula, Mississippi. Chief Scott's actions at all relevant times as outlined hereinbelow occurred while he was acting under the color of law and worked in his official capacity, and within the course and scope of his employment as a law enforcement officer for City of Pascagoula on July 7, 2024.

6. Defendant Officer John Doe (hereinafter "Doe") is a law enforcement officer who acted in his/her individual and official capacity as public official to cause or contribute to the wrongful death of Mario Whitley.

## FACTS

7. On or about July 7, 2024, as Mario Whitley operated his vehicle, he began to experience a mental and physical health crisis, and crashed his vehicle into ditch near the local Burger King, in Pascagoula, Mississippi.

8. Subsequent to the crash, Mr. Whitley began to run on foot towards the local hospital.

9. As Mr. Whitley ran towards the hospital, Defendant Officer Doe stopped Whitley, placed him under arrest, and put him in the back of his/her police car.

10. Instead of immediately transporting Mr. Whitley to the hospital, Defendant Officer Doe drove Mario Whitley to the Pascagoula Police Department.

11. Mario Whitley collapsed and subsequently passed away outside of the Pascagoula Police Department.

12. As a result, Mario Whitley's body was taken directly to the morgue without any medical treatment or evaluation.

13. As a result, Plaintiffs suffered and continue to suffer mental and emotional trauma.

## CAUSE OF ACTION

14. This is a claim for wrongful death filed by Plaintiffs as a result of Defendants City, Chief Scott, and Officer Doe violating Decedent's Fourteenth (14th) Amendment substantive due process rights by improperly seizing the Decedent and/or transporting him although he was visibly mentally infirmed. Defendants were deliberately indifferent to the serious medical needs of Decedent.

15. This is a claim for wrongful death filed by Plaintiffs as a result of Defendants violating Decedent's Fourteenth (14th) Amendment substantive due process rights by intentionally exposing the Decedent to known danger by Defendant Officer Doe carrying the visibly infirmed Mr. Whitley to the police department, instead of to the hospital. As a result, Mario Whitley passed away.

16. Defendants City, Chief Scott, and Officer Doe violated the Decedent's Fourth (4th) Amendment rights with an unreasonable seizure that continued when Defendant Officer Doe unlawfully transported Mario Whitley to the police department, instead of the hospital for immediate medical attention. As a result of Defendants' actions, Mario Whitley expired outside of the Pascagoula Police Department.

17. Mario Whitley and/or his wrongful death beneficiaries have a viable claim for damages under 42 U.S.C. §1983.

## COUNT ONE (1)
## ["MTCA" AND "MVAA"]

18. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

19. This is a claim for wrongful death filed by Plaintiffs for the dearth of Mario Whitley, resulting when Defendants City of Pascagoula, Chief Scott, and Officer Doe breached their duty to Mario Whitley, by failing to recognize Mario Whitley was a vulnerable adult suffering from mental

infirmity. As a result of Defendants' reckless disregard for the safety of Mario Whitley, he passed away. Defendant Officer Doe transported Mario Whitley to the Pascagoula Police Department, instead of the nearest hospital for obvious medical care. Defendants' seizure and delay/denial of medical care of Mario Whitley placed him in more severe danger. It was foreseeable that he would be expire if Decedent did not receive adequate medical attention. Defendants' negligence was a direct and proximate cause of Mario Whitley's death.

20. Defendants recklessly failed to use any judgment and to determine if Mario Whitley was mentally lucid before unlawfully arresting and transporting Mr. Whitley to the Pascagoula Police Department.

21. Defendants' misconduct amounted to reckless disregard for the safety of the deceased, Mario Whitley.

## COUNT TWO (2)
### [Fourth (4th) Amendment – Wrongful Seizure]

22. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

23. On July 7, 2024, Mario Whitley had a clearly established constitutional right to be free from unreasonable seizure and transport of his body without probable cause to take him to the jail, instead of to a hospital for medical assistance.

24. The Defendants' intentional disregard of Mario Whitley's visibly infirmed mental state resulted in an unreasonable seizure of his body.

25. Defendants' intentional and deliberate indifference for Mario Whitley's life placed him in a foreseeably dangerous situation and he passed away outside of the Pascagoula Police Department.

## COUNT THREE (3)
### [Fourteenth (14th) Amendment – Substantive Due Process]

26. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

27. The Defendants failed to provide Mario Whitley with due process and equal protection under the law when Defendant Officer Doe intentionally exposed the decedent to known and foreseeable danger and thus deprived Mario Whitley of liberty and life.

28. The Defendants' intentional acts with regard to Mario Whitley's visibly infirmed mental state were at all times an unreasonable violation of Mario Whitley's clearly established rights under the Fourteenth (14th) Amendment.

29. Defendants' intentional and deliberate indifference to Mario Whitley's life placed him in the dangerous situation that resulted in Whitley's demise.

## COUNT FOUR (4)
### [City of Pascagoula and Chief Scott's Constitutional Violations, due to Patterns, Policies, Practices and/or Customs of Subject Governmental Entities]

30. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

31. The Plaintiffs allege that Defendants City of Pascagoula is liable for violating Mario Whitley's constitutional rights, pursuant to §1983, as said governmental entities violated Mr. Whitley's constitutional rights via: (1) official policies or customs, of which (2) said Defendants had actual or constructive knowledge, and (3) said policies, customs, and/or practices were the "moving force" of the constitutional violations.

32. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interests and reputations, to the disregard and detriment of Mario Whitley.

33. Defendants City of Pascagoula and Chief Scott failed to enforce and follow policies that resulted in the aforesaid violations of Mario Whitley's Constitutional rights which includes but not limited to the following, to-wit:

   a. Hire, train and to provide public safety services consistent with the nationally recognized minimal acceptable standards of competency;

   b. To provide proper training to the Defendant Officer Doe;

   c. Hire, train and to provide public safety services consistent with the nationally recognized minimal acceptable standards of competency;

   d. Properly train and supervise all individuals who are employed by them;

   e. Follow the Minimum Standards of Operation for Mississippi Law Enforcement Officers as a licensed Public Safety Office within the State of Mississippi.

34. As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

**COUNT FIVE (5)**
**(City of Pascagoula, Chief Scott, and Officer Doe Constitutional Violations of Equal Protection Civil Rights Law)**

35. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

36. Plaintiffs would show unto the Court that the Defendants intentionally, recklessly, and with a reckless disregard for Mario Whitley's rights took action to deprive Mario Whitley of his due process rights under federal laws, equal protection rights under federal laws, and violated other of Mario Whitley's civil rights under federal laws.

37. The Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

38. Mario Whitley's right to due process was denied and he suffered damages as a result of being denied/delayed medical care for the injuries he suffered at the hands of the Defendant Officer.

39. Plaintiffs would show unto the Court that the Defendants acted with deliberate indifference to Mario Whitley's need for medical care, in violation of his rights under the Eighth Amendment.

## COUNT SIX (6)
### (Wrongful Death)

40. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

41. As a direct and proximate result of Defendants' negligence, carelessness, and/or reckless disregard as described above, Mario Whitley, continued to suffer injuries by delay/denial of medical care, which proximately caused his death on July 7, 2024.

42. As a direct and proximate result of the foregoing, and the death of Mario Whitley, Plaintiffs have been deprived of their kind and loving son, Mario Whitley, care, comfort, society, protection, love, companionship, affection, solace, moral support, and/or physical assistance in the operation and maintenance of the home. Whitley also experienced pre-death pain and suffering prior to expiring outside of the police department.

## COUNT SEVEN (7)
### (General Negligence)

43. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

44. Plaintiffs allege that the Defendant Officer Doe, in his/her individual capacity, breached his/her duty of ordinary care, and proximately caused the death of Mario Whitley.

45. As a direct and proximate result of Defendants' negligence, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT EIGHT (8)
### (Negligent, Gross Negligent, and Wanton Failure in Hiring and to Monitor, Train, and Supervise the Officers Involved)

46. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

47. Defendant City of Pascagoula and Chief Scott were grossly negligent and/or wanton in failing to monitor the actions of the officers involved. Defendant City and Chief Scott negligently and/or wantonly failed to train the aforementioned officers to properly protect, investigate, interrogate, detain, accost, search, prosecute, judge, or arrest Mario Whitley, and other similarly situated individuals. Defendant City and Chief Scott negligently and/or wantonly failed to properly follow and/or apply its own municipal and law enforcement rules, ordinances, regulations, policies and procedures, as well as state law generally. Defendants City and Chief Scott negligently hired and/or retained the officers involved, agents, and/or employees, having knowledge of their propensity for malicious abuse of process, failure to follow promulgated rules and guidelines, and obstruction of justice.

48. As a direct and proximate result of Defendants' negligent, gross negligent, reckless and/or intentional acts and/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT NINE (9)
### (Intentional and/or Negligent Infliction of Emotional Distress)

49. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

50. Plaintiffs allege that the Defendants, with reckless disregard, inflicted extreme emotional distress upon Plaintiffs' mind, spirit, and body. By condoning and/or ratifying the acts of the officers

involved, the Defendants have caused Plaintiffs to suffer from emotional problems and mental anxiety.

51. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

52. As a direct and proximate result of Defendants' acts of reckless disregard, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT TEN (10)
### (Deliberate Indifference and/or Denial/Delay of Access to Medical Care)

53. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

54. Plaintiffs would show unto the Court that the Defendants, with reckless disregard for Plaintiffs' medical condition, took actions to deprive Plaintiff, Mario Whitley, deceased of his rights to medical care.

55. Plaintiffs suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## DAMAGES FOR THE WRONGFUL DEATH OF MARIO WHITLEY

56. The deceased Mario Whitley's wrongful death beneficiaries, by and through the decedent's natural mother, Rosie Mushatt, seek all damages to which they are entitled under the Mississippi Wrongful Death Statute for the death of Mario Whitley. These damages include but are not limited to the following, to wit:

   a. Past and future medical expenses;

   b. Funeral expenses for Mario Whitley;

   c. Loss of remaining net cash value of the life of Mario Whitley prior to delay/denial of medical assistance that caused his death;

    d. Loss of gratuities and service reasonably expected for the wrongful death of Mario Whitley;

    e. Loss of love, society, and companionship;

    f. Loss of consortium, loss of household, and loss of domestic to all statutory beneficiaries;

    g. The plaintiffs' loss of enjoyment of life;

    h. All pain and suffering suffered by the Decedent prior to his death;

    i. The Plaintiffs' mental anguish;

    j. For all other losses arising from the injuries and death of the Decedent Mario Whitley, recoverable under the Mississippi Wrongful Death Act, and to which the Plaintiffs are entitled for Mario Whitley's injuries and resulting death.

## ADDENDUM

57. At all times relevant to this civil action, Defendant Officer Doe acted under the color of state law and within the course and scope of his/her duties as police officer for the City of Pascagoula, Mississippi police department.

58. At all times relevant to this civil action, Defendant Chief Scott acted under the color of state law and within the course and scope of his duties as chief of police for the City of Pascagoula, Mississippi police department.

59. At all times relevant to this civil action, Defendants Chief Scott and Officer Doe acted with deliberate indifference and reckless disregard to decedent Mario Whitley's federal and state protected rights evidencing willful, wanton or reckless disregard for Decedent.

## PRAYER FOR APPROPRIATE RELIEF

60. Plaintiffs incorporate and re-adopt the allegations of the preceding paragraphs by reference as if fully set forth herein.

61. As a result of the acts of the Defendants named herein whether intentional, as a result of negligence, gross negligence, negligence per se or reckless disregard for the safety and well-being of decedent, Plaintiffs have suffered severe damages for which the Defendants should be held jointly and vicariously liable.

62. All Defendants are jointly and severally liable to the Plaintiffs for the following damages: past, present and future pain, suffering and mental and emotional anguish; past, present and future loss of mobility and capacity; loss of enjoyment of life's normal activities; loss of society, lost wages, loss of wage earning capacity, loss of consortium, and all other damages to be proved at trial.

63. The Plaintiffs bring this action against all Defendants and demand judgment and compensatory damages as a result of the acts of reckless disregard, for an amount to be determined by this Court.

64. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of Plaintiffs, and others similarly situated, as to amount to willful, wanton, and/or intentional misconduct, thereby entitling Plaintiffs to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. §1988 of and from the Defendants, for an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees as well as punitive damages all to be determined by the trier of fact and any other and further relief as they may be deemed entitled to under the premises.

RESPECTFULLY SUBMITTED, this the 25th day of June, 2025.

                        ROSIE MUSHATT, Individually and on behalf of All Heirs-at-Law and Wrongful Death Beneficiaries of Mario Whitley, Deceased and The Estate of Mario Whitley, Deceased, Plaintiffs

By: _/s/ Willie T. Abston_____
      Willie Abston, MSB# 9935

OF COUNSEL:

**ABSTON LAW**
252 Katherine Drive, Suite C
Flowood, MS 39232
(601) 487-8839 – phone
(601) 487-8667 – fax
Willie.Abston@AbstonLaw.com